UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **BENDETT & MCHUGH, P.C.,**<br>Plaintiff,<br><br>vs.<br><br>**ROUNDSTONE MANAGEMENT, LTD. AND THAXTON GROUP, INC. D/B/A SHEA BARCLAY GROUP,**<br>Defendants. | CIVIL ACTION<br><br><br>CASE NO. 3:20-cv-01134-JAM<br><br><br><br>FEBRUARY 18, 2021 |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S SECOND MOTION TO DISMISS
AND IN SUPPORT OF ITS MOTION FOR COSTS AND FEES**

The Plaintiff, Bendett & McHugh, P.C. ("Bendett & McHugh"), by its undersigned counsel, hereby submits its Memorandum of Law in Opposition to Defendant, Roundstone Management, LTD's ("Roundstone"), Second Motion to Dismiss pursuant to L.Civ.R 7(a)2 and in support of its Motion for Costs and Fees pursuant to F.R.Civ.P. 4(d)(2). Plaintiff also submits the Declaration of Melvin A. Simon and Exhibits A, B, C D, E and F, and Affidavit of Peter Privitera in support hereof.

**I. INTRODUCTION**

The Plaintiff, Bendett & McHugh, filed its Complaint in this action on August 7, 2020. On or about August 17, 2020, the Plaintiff mailed a Notice of Lawsuit and Request to Waive Service of Summons upon Roundstone to its principal office as listed with Lexis Nexis.[1] In

---

[1] The facts set forth in this paragraph are set forth in the Declaration of Peter Appleton submitted in response to Roundstone's First Motion to Dismiss (Document No. 15-1).

addition, as a courtesy, Plaintiff's counsel also emailed a copy of the process including the Notice of Lawsuit and Request to Waive Service of Summons to Matt Williams, then General Counsel at Roundstone.  Having received no waiver of service nor confirmation of receipt, Plaintiff's counsel followed up with an email to Attorney Williams on October 4, 2020.  The now general counsel of Roundstone, Chris Zirke, responded to that email on October 5, 2020.  Attorney Zirke stated that he would not waive service unless Plaintiff's counsel stipulated to an extension of time.  Plaintiff's counsel was agreeable to a stipulation of time but insisted that a stipulation necessitated the appearance of counsel for Roundstone in the instant matter.  Attorney Zirke was unwilling to have counsel appear for the purpose of entering into the stipulation leaving Plaintiff no choice but to pursue service of process.  Process was then placed in the hands of a marshal, who attempted to serve the Connecticut Insurance Commissioner but the Insurance Commissioner declined to accept service.  Process was then mailed by the Marshal to Roundstone at the address listed by Lexis Nexis, 27887 Clemens Road, Suite 1, Westlake, Ohio 44145-1181 and to its Agent for Service, CT Corporation Systems, 4701 Cox Road, Suite 285, Glen Allen, Virginia  23060-6808.  See Affidavit of Peter Privitera.

      Thereafter, Defendant, Roundstone appeared by counsel and, pursuant to Federal Rule of Civil Procedure 12(b)(5), moved to dismiss Counts One, Two and Three of the Complaint on the grounds that it was not timely served in accordance with Federal Rule of Civil Procedure 4 or Connecticut law ("First Motion to Dismiss").  Plaintiff responded to the First Motion to Dismiss explaining the delays in serving the Summons and moved to extend the time to serve the Summons, which Motion for Extension of Time was granted on December 21, 2020 (Document #18).

Plaintiff thereafter immediately requested a Summons from the clerk's office, which was issued on January 12, 2020, and immediately thereafter placed the Summons and Complaint in the hands of a Connecticut State marshal.  The marshal, having been informed by the Insurance Commissioner that they would not accept service, served two true and attested copies of the Summons, Complaint and various Court Orders on the Defendant, Roundstone, on the Secretary of State of the State of Connecticut on January 14, 2021, as its agent because it is a foreign limited liability company doing business in Connecticut that has not registered with the Secretary of State.  Declaration of Melvin A. Simon, Para. 3.  The Secretary of State, in turn, mailed process to the Defendant, Roundstone, at 15422 Detroit Avenue, Lakewood, Ohio, the address listed with the Insurance Commissioner, by certified mail.  According to records of the Secretary of State and records of the United States Postal Service, the process was delivered to an individual at the address of Roundstone on January 29, 2021.  Exhibits A, B and C.

On January 29, 2021, Roundstone, by its counsel, filed the instant Motion to Dismiss and supporting Affidavit.  Roundstone's general counsel, Chris Zirke, asserts in his Affidavit that Roundstone "to date has not received process in this matter by certified mail or other means from the Connecticut Insurance Commissioner or the Connecticut Secretary of State or any other person."  In Attorney Zirke's Affidavit in Support of the First Motion to Dismiss, he conceded in Paragraph 7 that Roundstone had received a copy of the process in this matter from its agent for service, CT Corporation Systems.  On receipt of the instant Motion to Dismiss, Plaintiff's counsel corresponded with Roundstone's counsel requesting that it acknowledge receipt of the process from the Connecticut Secretary of State on January 29, 2021 as reflected in the United States Postal Service records and either withdraw its Motion to Dismiss or correct the record by

filing a Supplemental Affidavit of Attorney Zirke indicating that the process had been received. Exhibit D.  No response to the correspondence has been received to date from Roundstone's counsel nor has a supplemental affidavit been filed correcting the record.  Declaration of Melvin A. Simon, Para. 6.

## II.  ARGUMENT

**The Defendant, Roundstone's Motion to Dismiss Should be Denied on the Grounds that the Plaintiff has Made a Prima Facie Showing that Roundstone, a Foreign Limited Liability Company doing business in Connecticut was duly served with a District Court Summons and Complaint when a State Marshal served those Papers on the Connecticut Secretary of State.**

"On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant."  Quinn v. Fishkin, 117 F.Supp. 3d 134, 138 (D. Conn. 2015) (quoting Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566-67 (2d Cir. 1996)).  In order to survive such a motion, the "plaintiff must make a prima facie showing that jurisdiction exists." Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 732 F.3d 161, 167 (2d Cir. 2013) (internal quotation marks omitted).  "In evaluating whether the requisite showing has been made, [courts] construe the pleadings and any supporting materials in the light most favorable to the plaintiff[ ]." Lexington Insurance Co. v. Rockwood Corp., 2018 WL 7819245 (D.Conn. 2018).

"At this stage of the proceedings, the plaintiffs must make out only a *prima facie* showing of personal jurisdiction through their own affidavits and supporting materials and all affidavits and pleadings must be construed in the plaintiffs' favor." Edberg v. Neogen Corp., 17 F.Supp.

2d 104, 110 (D. Conn. 1998) (citing CutCo Industries, Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986)). "The amenability of a foreign corporation to suit in a federal court in a diversity action is determined in accordance with the law of the state where the court sits." Arrowsmith v. United Press Int'l, 320 F.2d 219, 223 (2d Cir. 1963) (en banc); accord Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 57 (2d Cir. 1985). Accordingly, this Court applies the law of the State of Connecticut. In order to ascertain whether a court has personal jurisdiction, Connecticut applies a two-step analysis. A court must first look to the forum State's long-arm statute and determine whether that statute reaches the foreign corporation. If the long-arm statute authorizes personal jurisdiction over a defendant, the court must then decide whether the exercise of jurisdiction over that party offends due process. Bensmiller v. E.I. Dupont de Nemours & Co., 47 F.3d 79, 81 (2d Cir. 1995) (citing Greene v. Sha-Na-Na, 637 F. Supp. 591, 59 (D. Conn. 1986)).

The Plaintiff has made out a prima facie showing that this Court has personal jurisdiction over the Defendant, Roundstone. Roundstone is a Virginia limited liability company. Defendant's Ex. A, Zirke Affid. Para. 3. Document No. 22-0. It is licensed to do business in Connecticut by the Connecticut Insurance Commissioner. Zirke Affidavit, Para. 4. Process was served upon its statutory agent for service of process, the Connecticut Secretary of State. Defendant, Roundstone's Motion to Dismiss asserts that by obtaining a license from the Commissioner of Insurance it appointed the Commissioner as its agent for service of process pursuant to Conn. Gen Stat. § 38a-25(a). While Roundstone is correct that the Insurance Commissioner is its statutory agent, its argument fails because there is more than one method of serving process in Connecticut. Conn. Gen Stat. § 38a-25(e) states that "[t]he right to effect

service of process as provided under this section shall not limit the right to serve legal process in any other manner provided by law." "There is no exclusive means for service on a limited liability company," regardless of whether the limited liability company is domestic or foreign. Little v. Mackeyboy Auto, LLC, 142 Conn.App. 14, 20, 62 A.3d 1164 (2013).

The Defendant does not contest that it is doing business in the State of Connecticut. The well pleaded allegations of the Plaintiff's Complaint, which must be accepted as true for purposes of this Motion establish that Roundstone entered into a contract with Plaintiff that was to be performed in the State of Connecticut and that it committed tortious acts within the State of Connecticut. Plaintiff's Complaint Para. 5.

The Connecticut Appellate Court has held that "our general long arm jurisdiction statute, § 52-59b ... applies to foreign LLCs." Matthews v. SBA, Inc., 149 Conn.App. 513, 546, 89 A.3d 938, cert. denied, 312 Conn. 917, 94 A.3d 642 (2014). "In order to find jurisdiction over a nonresident defendant, only one of the provisions of § 52-59b needs to be satisfied." Pro Performance Corporate, Inc. v. Goldman, 47 Conn.Sup. 476, 483, 804 A.2d 248, [32 Conn. L. Rptr. 404] (2002); Meta Group, Inc. v. IDC Research, Inc., Superior Court, Judicial District of New Haven, Docket No. CV-05-4016768-S (April 20, 2006, Munro, J.) (41 Conn. L. Rptr. 262, 265) ("the plaintiff need only prove jurisdiction based upon one provision of the longarm statute"). Plaintiff satisfies more than one of the elements of the long-arm statute.

Once the Court determines that personal jurisdiction exists under Connecticut law, the Court must next ask whether its exercise of personal jurisdiction comports with due process requirements. Grand River Enters. Six Nations, Ltd. v. Pryor, 425 F.3d 158, 165 (2d Cir. 2005). Roundstone, by doing business in the State of Connecticut, is required to register with the

Secretary of State.  Conn. Gen Stat. § 34-275a.  The Secretary of State records do not reflect such registration.  Declaration of Melvin A. Simon, Para. 3.  A foreign limited liability company, by transacting business in this state without a foreign registration certificate, appoints the Secretary of State as its agent for service of process with respect to a cause of action arising out of the transaction of business in this state.  Conn. Gen. Stat. § 34-275a(f).  Service in accordance with the statute may be effected by serving two copies on the Secretary of State pursuant to Conn. Gen. Stat. § 34-243r, which is how Roundstone was served.

  Roundstone notably does not contest the legal effect of these statutes nor does it claim that it has not been afforded due process.  Its argument rests on the singular prong that it can be served in only one manner despite the express statutory provision to the contrary.  Moreover, while Roundstone's affiant, its General Counsel, avers that it has not received the process in this case, the affidavit is dated on the day before the records of the Secretary of State and United States Postal Service establish that the process was delivered to its address.  Connecticut law provides that service is effective as of the date and hour received by the Secretary of State as shown on the Secretary of State's records.  The Secretary of State was served on January 14, 2021.  Exhibit A.

  Defendant, Roundstone, has ignored requests to correct the record and maintains its failed argument to delay the proceedings and otherwise vex the Plaintiff.  Roundstone enjoys the privilege of being licensed by the Connecticut Insurance Commissioner.  It did business with the Plaintiff pursuant to that license and now seeks to avoid process through a series of weaves and faulty legal arguments and a false factual record.

The Plaintiff mailed and emailed the process to Defendant, Roundstone.  Under Fed.R.Civ.Pr. 4(d) Roundstone had a statutory duty to avoid unnecessary expenses of serving the Summons.  <u>Stapo Indus., Inc. v. M/V Henry Hudson Bridge</u>, 190 F.R.D. 124, 125-26 (S.D.N.Y. 1999).  Rather than abide by this rule, Roundstone insisted on service in accordance with Federal and State law and, despite proper service, continues to impede the prosecution of this matter with Motions to Dismiss that do not comport with the intent of Rule 4.  The purpose of the Rule is being thwarted.  Defendant has breached its duty to avoid unnecessary costs and should be held to account.

### III.  <u>CONCLUSION</u>

This Court should deny Roundstone's Motion and award Plaintiff the costs and fees for effecting service because of its bad faith refusal to waive service of process pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.

**PLAINTIFF – BENDETT & MCHUGH, P.C.**

By    /s/ Peter M. Appleton
Peter M. Appleton, Esq.
Appleton & Appleton, LLC
Its Attorneys
266 Pearl Street
Hartford, CT  06103
Tel. 860-246-5481
Fax 860-246-5554
Email:  pappleton@appleton-law.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **BENDETT & MCHUGH, P.C.,**<br>            Plaintiff,<br><br>vs.<br><br>**ROUNDSTONE MANAGEMENT, LTD. AND THAXTON GROUP, INC. D/B/A SHEA BARCLAY GROUP,**<br>            Defendants. | **CIVIL ACTION**<br><br><br>**CASE NO.  3:20-cv-01134-JAM**<br><br><br><br><br>**FEBRUARY 18, 2021** |

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of February, 2021, a copy of the foregoing Memorandum of Law in Opposition to Plaintiff's Second Motion to Dismiss and Support of it Motion for Costs and Fees was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

**PLAINTIFF – BENDETT & MCHUGH, P.C.**

By    /s/ Peter M. Appleton
       Peter M. Appleton, Esq.
       Appleton & Appleton, LLC
       Its Attorneys
       266 Pearl Street
       Hartford, CT  06103
       Tel. 860-246-5481
       Fax 860-246-5554
       Email:  pappleton@appleton-law.com